UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                              :
VICKY L. CALZO,                               :
                                              :    CASE NO. 4:19-cv-00598
            Plaintiff,                        :
                                              :
      vs.                                     :    OPINION & ORDER
                                              :    [Resolving Docs. 1, 20]
COMMISSIONER OF SOCIAL                        :
SECURITY,                                     :
                                              :
            Defendant.                        :
                                              :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Vicky L. Calzo seeks review of the Social Security Administration's denial of her applications for a period of disability, supplemental security income, and disability insurance benefits.[1] Magistrate Judge George J. Limbert recommends affirming the denial of benefits.[2] Plaintiff raises three objections.[3]

For the reasons stated below, this Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's Report and Recommendation ("R&R"), and **AFFIRMS** the decision of the Commissioner of Social Security.

## I. Background

On February 19 and 20, 2015, Plaintiff, a 44-year-old individual with anxiety disorder, depression, and agoraphobia, applied for Social Security benefits.[4]

---
[1] Doc. 1.
[2] Doc. 20.
[3] Doc. 21.
[4] Doc. 12 ("Transcript" or "Tr.") at 12, 80, 192.

Case No. 4:19-cv-598
Gwin, J.

On January 25, 2018, Plaintiff had a hearing before a Social Security Administrative Law Judge ("ALJ").[5]

On April 12, 2018, the ALJ found Plaintiff not disabled.[6]

The ALJ's opinion contained an inconsistency. In the ALJ's analysis of Plaintiff's residual functioning capacity ("RFC"), the ALJ described the medical opinions of two state-agency consultative psychologists who examined Plaintiff.[7] The state-agency physicians gave the opinion that Plaintiff had "moderate" social limitations.[8] The ALJ disagreed with the state-agency physicians and assigned Plaintiff a "marked" social functioning limitation, explaining that the physicians failed to appreciate Plaintiff's agoraphobia and difficulty with social interaction.[9]

Despite finding that Plaintiff had a "marked" social functioning limitation, the ALJ's RFC formulation was somewhat *less* restrictive than the discounted state-agency physicians' opinions.[10]

On March 18, 2019, Plaintiff filed the instant case seeking review of the Social Security Administration's unfavorable decision.[11]

---

[5] Tr. at 28, 161.
[6] Tr. at 9-22.
[7] Tr. at 19.
[8] Tr. at 60, 63, 88-92.
[9] Tr. at 15.
[10] The ALJ RFC finding limited Plaintiff to work "where there are few supervisors or employers." Tr. 19. In contrast, the state agency physicians' opinion limited plaintiff to "a more solitary setting that does not require collaborative efforts with others for task completion, doesn't require her to interact with the general public, requires no more than infrequent and superficial interaction w/ coworkers and supervisors, and doesn't require her to work in close proximity to large groups of people. She should not be required to have constant direct over-the-shoulder supervision and correction/criticism needs to be presented in a constructive manner." Tr. 63, 91-92.
[11] Doc. 1.

Case No. 4:19-cv-598
Gwin, J.

In her merits brief, Plaintiff only challenges the ALJ's evaluation of the state-agency physician opinions.[12] Plaintiff argued that the ALJ's decision was internally inconsistent and therefore lacked substantial evidence.[13]

The Commissioner opposed, arguing that (1) "substantial evidence supports the ALJ's RFC limitations related to Plaintiff's social interactions," and (2) to the extent the ALJ erred by not accounting in the RFC for Plaintiff's agoraphobia, any error was harmless because the hypothetical posed to the vocational expert included Plaintiff's social limitations.[14]

On February 4, 2020, the magistrate judge recommended that the Court affirm the Social Security Administration's denial of benefits.[15] The magistrate judge found that the ALJ's RFC formulation was harmless error because, when the vocational expert testified at Plaintiff's hearing, the vocational expert relied on limitations that were more restrictive than the mistaken RFC.[16] Specifically, the vocational expert said significant jobs exist in the national economy for a hypothetical person with Plaintiff's RFC *and* the added restriction of "no people contact"—which is in line with the ALJ's "marked" social limitation finding.[17]

On February 18, 2020, Plaintiff objected to the magistrate judge's report and recommendation ("R&R").[18]

---

[12] Doc. 14 at 8.
[13] *Id.* at 12.
[14] Doc. 17 at 5-6.
[15] Doc. 20.
[16] *Id.* at 13.
[17] *Id.*
[18] Doc. 21.

Case No. 4:19-cv-598
Gwin, J.

## II. Legal Standard

The Federal Magistrates Act requires a district court give *de novo* review only of those portions of the R&R to which the parties object.[19] The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[20]

When reviewing an ALJ's disability determination under the Social Security Act, a district court determines whether the ALJ's decision is "supported by substantial evidence and [is] made pursuant to proper legal standards."[21] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[22] Substantial evidence is more than a scintilla of evidence, but less than a preponderance.[23]

A district court should not try to resolve "conflicts in evidence[] or decide questions of credibility."[24] Also, a district court may not reverse an ALJ's decision when substantial evidence supports it, even if the court would have made a different decision.[25]

To establish disability, a plaintiff must show that she cannot engage in any substantial gainful activity because of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[26]

---

[19] 28 U.S.C. § 636(b)(1).
[20] *Id.*
[21] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g).
[22] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations omitted).
[23] *Id.*
[24] *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).
[25] *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987); *see also Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) (holding that an ALJ's decision cannot be overturned so long as the ALJ's decision was supported by substantial evidence).
[26] 42 U.S.C. § 423(d)(1)(A); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001).

Case No. 4:19-cv-598
Gwin, J.

## III. Discussion

The Court discusses Plaintiff's three objections in order.

In Plaintiff's first objection, she argues that "the ALJ's deficient RFC analysis [does] not permit meaningful judicial review."[27] In essence, Plaintiff says that any RFC error requires reversal because RFC formulations "govern[] the outcome of all cases that that proceed past Step three of the Five-Step Sequential Evaluation."[28]

The Court finds Plaintiff's argument unpersuasive. "An agency's violation of its procedural rules will not result in reversible error absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses."[29]

In this case, the erroneous RFC formulation did not prejudice Plaintiff. The RFC is an assessment of the claimant's remaining work capacity after the claimant's limitations have been considered.[30] The RFC is used to evaluate the claimant's work capacity for steps four and five.[31]

The erroneous RFC did not prejudice Plaintiff at step four. At step four, the ALJ determines whether the claimant is capable of performing her previous job.[32] Though the ALJ assigned Plaintiff a less restrictive RFC than the ALJ's should have used, the ALJ

---

[27] Doc. 21 at 3.
[28] *Id.*
[29] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 546-47 (6th Cir. 2004) (quoting *Connor v. United States Civil Serv. Comm'n*, 721 F.2d 1054, 1056 (6th Cir.1983)); *see also Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.").
[30] *See Howard v. Comm'r of Soc. Sec.,* 276 F.3d 235, 239 (6th Cir. 2002) (citing 20 C.F.R. § 416.945).
[31] 20 C.F.R. § 416.920(e).
[32] *Id.* § 416.920(a)(4)(iv).

nonetheless determined that Plaintiff could not perform her past work.[33] Thus, even if the ALJ would have assigned Plaintiff a more restrictive RFC, the same step 4 outcome would have resulted.

The erroneous RFC also did not prejudice Plaintiff at step five. At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy.[34] The Commission can make this showing through the testimony of a vocational expert.[35] The vocational expert testifies on the basis of a claimant's "residual functional capacity and . . . age, education, and work experience" and assesses whether the claimant "can make an adjustment to other work."[36] Typically, the ALJ asks the vocational expert whether jobs exist in the national economy for a hypothetical individual with the same restrictions as the hearing claimant.

Here, the ALJ posed a hypothetical to the vocational expert that did not rely solely on the erroneous RFC, but instead included more significant social functioning restrictions:

> The work should be routine, in other words, no change up in plans. The work should not involve any arbitration, mediation or negotiation. The work should never involve being responsible for the care or welfare of others. The work should be low stress which I further define as low production quotas and where possible the work should involve being in a work environment such as night time office cleaning work where there are very few if any supervisors or employees as I stated earlier such as being responsible to routine maintenance and cleaning.[37]

The vocational expert testified that the hypothetical individual would be able to perform the position of cleaner/custodian.[38] Critically, the vocational expert then testified that,

---

[33] Tr. at 20.
[34] *See* 20 C.F.R §§ 404.1520(g), 416.920(g).
[35] 20 C.F.R. § 416.920(a)(4)(v).
[36] *Id.*
[37] Tr. at 49-50.
[38] Tr. at 50.

even with the additional restriction of "no people contact," significant cleaner/custodian positions existed in significant numbers in the national economy.[39]

This hypothetical accurately accounted for Plaintiff's "marked" social limitations[40] and is supported by substantial evidence.[41]

Therefore, despite the erroneous RFC, Plaintiff suffered no prejudice. The ALJ's error was harmless, and Plaintiff's first objection is overruled.

In Plaintiff's second and third objections, she argues that the ALJ contradicted the state-agency physicians by failing to include two social limitations in the RFC/hypothetical that the physicians had ascribed to Plaintiff.[42] Plaintiff argues that the ALJ's failure to explain this contradiction was an error requiring remand.[43]

Social Security regulations explain how ALJs must treat state-agency physician opinions.[44] State-agency physician opinions are not controlling. Rather, the regulations require that the ALJ merely explain the weight given to state-agency physician opinions "as the [ALJ] must do for any opinions from treating sources, nontreating sources, and other nonexamining sources."[45]

---

[39] Tr. at 50.
[40] Tr. at 15.
[41] *See Ealy v. Comm'r of Soc. Sec.,* 594 F.3d 504, 513, 516 (6th Cir. 2010) (holding that when the Commissioner seeks to rely on the testimony of the vocational expert to show the existence of a substantial number of jobs other than past work that the claimant can perform, the testimony must have been given in response to a hypothetical question that accurately portrays the claimant's physical and mental impairments).
[42] Doc. 21 at 5-7.
[43] *Id.* The two limitations were that any "correction/criticism [of Plaintiff] needs to be presented in a constructive manner" and that Plaintiff could adapt to only "infrequent and easily explained changes presented in advance." *Id.* at 6 (citing Tr. at 49-52).
[44] SSR 96–6p, 1996 WL 374180.
[45] 20 C.F.R. § 416.927(f)(2)(ii).

Case No. 4:19-cv-598
Gwin, J.

Here, the ALJ considered the state-agency physicians' opinions and explained the weight he assigned them.[46] He also fashioned a hypothetical for the vocation expert that accounted for most of the social limitations that the state-agency physicians had ascribed to Plaintiff.[47]

The ALJ did not include every social limitation that the state-agency physicians suggested in Plaintiff's RFC/hypothetical, but he was not required to do so. As the Sixth Circuit has observed, "Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale."[48]

Accordingly, Plaintiff's treatment of the state-agency physician opinions satisfied the regulations. Plaintiff's second and third objections are therefore overruled.

In summary, the ALJ's decision is supported by substantial evidence and was made pursuant to proper legal standards.

### IV. Conclusion

For these reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's Report and Recommendation, and **AFFIRMS** the decision of the Commissioner of Social Security.

IT IS SO ORDERED.

Dated: March 4, 2020          *s/    James S. Gwin*

---

[46] Tr. at 19.
[47] *See* Tr. at 49-50.
[48] *Reeves*, 618 F. App'x at 275.

JAMES S. GWIN
UNITED STATES DISTRICT JUDGE